# EXHIBIT 1



Liberty Insurance Underwriters, Inc.
55 Water Street, 18th Floor
New York, NY 10041
212-208-4100

LIU 3001 Ed. 04 02

# LIBERTY INSURANCE UNDERWRITERS, INC. (The Liberty Mutual Group)

## LAWYERS PROFESSIONAL LIABILITY POLICY

### DECLARATIONS

**NOTICE: THIS IS A CLAIMS MADE AND REPORTED POLICY. THIS POLICY COVERS ONLY CLAIMS FIRST MADE DURING THE POLICY PERIOD OR EXTENDED REPORTING PERIOD, IF APPLICABLE, AND REPORTED DURING THE POLICY PERIOD OR EXTENDED REPORTING PERIOD, IF APPLICABLE, AND OTHERWISE COVERED BY THIS INSURANCE. PLEASE READ THE POLICY CAREFULLY AND DISCUSS THE COVERAGE WITH YOUR INSURANCE AGENT OR BROKER.**

**POLICY NUMBER:** LPA195652-0114  **RENEWAL OF:** LPA195652-0113

**PRODUCER AND ADDRESS:** USI Insurance Services LLC
One Hillcrest Drive, East, PO Box 3186
Charleston, WV 25332-3186

**NAMED INSURED AND ADDRESS:** Michael Martin Attorney At Law

Suite 1210
300 Summers Street
Charleston, WV 25301-1407

The Named Insured is:
_X_ Individual
___ Corporation
___ Limited Liability Corporation
___ Partnership
___ Limited Liability Partnership
___ Other

**POLICY PERIOD:** From: 8/21/2014  To: 8/21/2015
(12:01 A.M. at the Named Insured's address set forth above)

**LIMIT OF LIABILITY:** $1,000,000 Each Claim
$2,000,000 Aggregate

**DEDUCTIBLE:** $5,000 Each Claim

**PREMIUM:** $5,508.00  Fire & Casualty Surcharge  $30.00

**ENDORSEMENTS FORMING PART OF THIS POLICY AT ISSUANCE:**

LIU3000 (04/02)   LIU3024 (04/02)
LIU3009 (04/02)   LIU3014 (04/02)   LIU3022 (04/02)   LIU3090 (03/12)   OFAC (08/09)

This Declarations page, together with the Application, the attached Lawyers Professional Liability Insurance Policy, and all endorsements thereto, shall constitute the contract between Liberty Insurance Underwriters, Inc. and the Named Insured identified above. This policy is valid only if signed below by a duly authorized representative of Liberty Insurance Underwriters, Inc.

_____
Authorized Representative

August 26, 2014
Issue Date



LIU 3000 Ed. 04 02

## THIS IS A CLAIMS-MADE POLICY. PLEASE READ IT CAREFULLY.

## LAWYERS PROFESSIONAL LIABILITY POLICY

### Preface

This policy provides professional liability protection for your law firm. The terms **we**, **us**, and **our** refer to Liberty Insurance Underwriters, Inc., the company issuing this policy, and the terms **you** and **your** refer to those persons or legal entities insured by this policy. The **named insured**, an entity incorporated within the terms **you** and **your**, has special duties and responsibilities, which are described in the policy.

Various terms used in this policy have special definitions. When specially defined terms are used they will be printed in uncapitalized, boldface type **thus**. A list of the policy's specially defined terms is contained in the **Definitions** section of the policy. This policy also contains sections and sub-sections that will have titles printed **Thus**. These titles are provided for informational purposes only and do not have special meanings. Irrespective of its title, the meaning of each section or sub-section is expressed solely by its contents.

This policy is organized into the following sections:

> **Preface**
> **Coverage**
> **Definitions**
> **Special Benefits**
> **Territory**
> **Exclusions**
> **Limits of Liability & Deductible**
> **Defense of Claims**
> **Claims**
> **Extended Reporting Periods**
> **Conditions**

There are exclusions and conditions that apply to the coverage provided by this policy. All persons and entities afforded protection by the policy should read it carefully. This preface is provided for information only and does not provide or modify coverage.

### Coverage

**We** agree with the **named insured** that in consideration of the premium paid, **your** obligation to pay the deductible, and in reliance upon the statements made by the **named insured** in the application, the Declarations, and supplementary information provided by the **named insured**, and subject to the limits of liability as stated in the Declarations, and the exclusions and all other terms and conditions of this policy, as follows:

**We** agree to pay on **your** behalf all **damages** in excess of the deductible amount and up to the limits of liability stated in the Declarations that **you** become legally obligated to pay, provided such **damages**:

1. result from **claims**

   a. first made against **you** during the **policy period** or any extended reporting period, if applicable, and
   b. reported to **us** in writing; and

2. are caused by a wrongful act which takes place before or during the policy period but not before the Retroactive Date set forth in the Declarations, if any.

### Definitions

Whenever the specially defined terms below are used in the policy they will be printed in uncapitalized, boldface type **thus**.



1. **bodily injury** means physical injury, sickness, disease or death of any person.

2. **claim** means a demand received by **you** for money or services, including the service of suit or institution of arbitration proceedings against **you**, or a **disciplinary proceeding**.

3. **claim expenses** means:

   a. reasonable and necessary fees charged by any lawyer designated by **us**;
   b. all reasonable and necessary fees and expenses charged by any lawyer selected by **you** as independent counsel, where a conflict of interest exists and applicable law permits **you** to select such independent counsel and requires **us** to pay for such independent counsel;
   c. all other fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **claim**, if incurred by **us**;
   d. all costs allocated to **you** in suits or proceedings and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before **we** have paid or tendered or deposited, whether in court or otherwise, but only as respects that part of the judgment which does not exceed the limit of **our** liability thereof; and
   e. premiums on appeal bonds and premiums on bonds to release attachments in such suits, but not for bond amounts in excess of the applicable limit of liability of this policy. **We** shall have no obligation to pay for or furnish any bond.

   However, **claim expenses** does not include salary charges of **our** regular employees or officials. None of **your** fees, costs or expenses is **claim expenses** except those costs and expenses related strictly to the defense of a **disciplinary proceeding**.

4. **damages** means a monetary judgment or settlement, but does not include fines or statutory penalties, sanctions whether imposed by law or otherwise, any other amount awarded in any **disciplinary proceeding**, the return of or restitution of legal fees, costs and expenses, punitive or exemplary damages, the multiplied portion of multiplied **damages**, amounts for which **you** are not financially liable or which are without legal recourse to **you** or matters which may be deemed uninsurable under applicable law.

5. **disciplinary proceeding** means a proceeding in which a complaint alleging a **wrongful act**, a violation of any disciplinary rule or other professional misconduct is brought before a tribunal of competent jurisdiction which shall make a determination subject to appeal or other review and/or a final and enforceable determination as to whether such alleged professional misconduct is to be the subject of discipline.

6. **named insured** means the person or entity designated in the Declarations and any **predecessor** of such entity.

7. **organization** means a corporation, partnership, association, trust or fund, (including a pension, welfare, profit sharing, mutual or investment fund or trust) or any other business enterprise or charitable organization of any kind or nature.

8. **personal injury** means

   a. false arrest, humiliation, detention or imprisonment, wrongful entry, eviction or other invasion of private occupancy, abusive litigation (criminal or civil), abuse of process, malicious prosecution;
   b. the publication or utterance of a libel or slander or other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; or



LIU 3000 Ed. 04 02

c. injury arising out of an offense occurring in the course of the named insured's advertising activities, including but not limited to infringement of copyright, title slogan, patent, trademark, trade dress, trade names, service mark or service number.

9. policy period means the period from the inception date of this policy to the policy expiration date as set forth in the Declarations or its earlier termination date, if any.

10. predecessor means any law firm, law partnership or professional corporation if fifty percent (50%) or more of the lawyers who were shareholders in, partners of, or employees of such firm, partnership or professional corporation immediately thereafter became partners of, shareholders in, or employees of the named insured.

11. professional legal services means legal services and activities performed for others as:

   a. a lawyer;
   b. a notary public;
   c. an arbitrator;
   d. a mediator;
   e. a title insurance agent;
   f. a designated issuing lawyer to a title insurance company;
   g. a court-appointed fiduciary;
   h. a member of a bar association, ethics, peer review, formal accreditation or licensing, or similar professional board or committee;
   i. an author, strictly in the publication or presentation of research papers or similar materials and only if the fees generated from such work are not greater than ten thousand dollars ($10,000); and/or
   j. an administrator, conservator, receiver, executor, guardian, or any similar fiduciary capacity, or court-appointed trustee, however, no coverage shall apply to any loss sustained by you as the beneficiary or distributee of any trust or estate.

Services performed by you in a lawyer-client relationship on behalf of one or more clients shall be deemed for the purpose of this section to be professional services in your capacity as a lawyer, although such services could be performed wholly or in part by nonlawyers.

12. property damage means injury to or destruction of any tangible property or loss of use therefrom. Tangible property does not include currency and negotiable instruments.

13. totally and permanently disabled means that you have become so disabled as to be wholly prevented from rendering professional legal services provided that such disability:

   a. has existed continuously for not less than 6 months; and
   b. is expected to be continuous and permanent.

   However, totally and permanently disabled shall not include any condition which:

   a. occurred as a result of war or acts of war, whether or not declared;or
   b. occurred during active service in the armed forces of any country.

14. we, us, our and ours refer to Liberty Insurance Underwriters, Inc., the company issuing this insurance.

15. wrongful act means any actual or alleged act, error, omission or personal injury which arises out of the rendering or failure to render professional legal services.

16. you means:

   a. if the named insured is an individual, such individual;
   b. if the named insured is a partnership or limited liability partnership, such partnership or limited liability partnership and each lawyer who is a partner thereof including any incorporated partner



LIU 3000 Ed. 04 02

    and each shareholder of any such incorporated partner;
- c. if the **named insured** is a professional corporation, limited liability corporation or professional association, such professional corporation, limited liability corporation or professional association and each lawyer who is a shareholder or member thereof;
- d. each lawyer employed by the **named insured**;
- e. any person
  1. who qualified prior to the **policy period,** but who no longer qualified as of the first day of the **policy period**; or
  2. who during the **policy period** qualifies

  as an **insured** under b., c., or d., immediately above, but only to the extent such person performs or has performed **professional legal services** on behalf of the **named insured**;
- f. each lawyer acting as "of counsel" but only while performing **professional legal services** on behalf of the **named insured**;
- g. any lawyer who is acting as an independent contractor or on a per diem basis to the **named insured**, but only as respects **professional legal services** rendered on behalf of the **named insured**;
- h. all nonlawyer employees who were, are now or become employees of the **named insured**, but only while acting within the scope of their employment on behalf of the **named insured**;
- i. the estate, heirs, executors, administrators, assigns and legal representatives of each of **you** in the event of **your** death, incapacity, insolvency or bankruptcy, but only to the extent that **you** would otherwise be provided coverage under this policy.

17.    **your** means belonging to **you.**

### Special Benefits

1. **Disciplinary Proceeding Defense Cost Reimbursement.** If a **disciplinary proceeding** is brought against **you, we** will reimburse reasonable costs that **you** incur in the defense of such matters, provided **you** do not admit all or any part of the allegation. Any reimbursement made pursuant to this sub-section will be in addition to the limits of liability set forth in the Declarations.

   The most **we** will reimburse for any one **disciplinary proceeding** is $25,000. The most **we** will reimburse during the policy period or any extended reporting period, if applicable, for all **disciplinary proceedings** is $100,000 in the aggregate. **Our** determination as to the reasonableness of fees, costs and expenses will be conclusive on **you**. **We** will waive **your** deductible with respect to reimbursements made under this sub-section.

2. **Loss of Earnings.** If **we** request in writing that **you** attend a trial, hearing, or arbitration proceeding pursuant to the resolution of a **claim**, **we** will pay **you** up to $500 per day for **your** loss of earnings for each such day or part thereof you attend. The most we will pay under this sub-section is $10,000 each **claim** and $50,000 in the aggregate for all **claims** made during the **policy period** or extended reporting period, if applicable. Any payment made pursuant to this sub-section will be in addition to the limits of liability set forth in the Declarations.

3. **Reduced Deductible for Arbitrated or Mediated Claims. We** will reduce the deductible amount stated in the Declarations by fifty percent (50%) if **you** agree with a request **we** make, and agree with the terms and conditions **we** specify, to submit a **claim** made against **you** to binding arbitration or mediation. While the right to submit a **claim** to binding arbitration or mediation shall be **ours** solely, no **claim** shall be submitted to arbitration



LIU 3000 Ed. 04 02

without **your** prior written consent. In the case of mediation, the maximum dollar amount the deductible will be reduced under this special benefit is $2,500.

### Territory

The insurance afforded applies worldwide.

### Exclusions

1. **Known Claims or Circumstances.** This policy does not apply to any **claim** arising out of a **wrongful act** occurring prior to the **policy period** if, prior to the effective date of the first Lawyers Professional Liability Insurance Policy issued by **us** to the **named insured** and continuously renewed and maintained in effect to the inception of this **policy period**:

    a. **you** gave notice to any prior insurer of any such **claim** or **wrongful act**;
    b. **you** had a reasonable basis to believe that **you** had breached a professional duty, committed a **wrongful act**, violated a disciplinary rule, engaged in professional misconduct or to foresee that a **claim** would be made against **you**; or
    c. there is a prior policy or policies which provide insurance for such **wrongful act** or **claim**, unless the available limits of liability of such prior policy or policies are insufficient to pay any liability or **claim**, in which event this policy will be excess over any such prior coverage, subject to this policy's terms, limits of liability, exclusions and conditions.

2. **Fraudulent, Criminal, Malicious, Deliberately Wrongful Acts, or Omissions.** This policy does not apply to any judgment or final adjudication based upon, arising out of or in any way related to any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by **you**. **We** will defend allegations of the foregoing acts or omissions until the time they are finally adjudicated or admitted by **you**.

    This exclusion does not apply to each of **you** who did not personally commit, personally participate in committing, or remain passive after learning about one or more of the acts or omissions described in this exclusion. However, **our** obligation to provide coverage in any such case shall be excess of the deductible and excess of the full extent of any assets in the **named insured**, or monetary value attributed to such assets, of anyone to whom this exclusion applies.

3. **Certain Services and Capacities.** This policy does not apply to any **claim** arising out of **your** services and/or capacity as:

    a. an officer, director, partner, trustee, manager, operator, or employee of an **organization** other than that of the **named insured**, except this exclusion does not apply to a court-appointed trustee;
    b. a public official, or an employee of a governmental body, subdivision, or agency;
    c. a fiduciary under the Employee Retirement Income Security Act of 1974 and its amendments thereto, or similar federal, state, local or common law, or any regulation or order issued pursuant thereto, except if **you** are deemed to be a fiduciary solely by reason of legal advice rendered with respect to an employee benefit plan.

4. **Bodily Injury and Property Damage.** This policy does not apply to any **claim** based upon or arising out of **bodily injury** or **property damage**, unless:

    a. the liability for such **claim** is caused by the performance of **professional legal services** by **you**;
    b. such **bodily injury** or **property damage** would not have otherwise occurred directly or indirectly but



LIU 3000 Ed. 04 02

for the performance of **professional legal services** by **you** and no other cause or circumstance contributed to the loss, including but not limited to the negligence of a third party;
c. such **bodily injury** or **property damage** takes place on premises occupied by the **named insured**;
d. such **bodily injury** does not happen to **you** and such **property damage** does not occur to any property owned or leased by **you**;
e. the liability for such **claim** does not arise directly or indirectly out of any obligation under any workers' compensation, disability benefits or unemployment compensation law or any similar law;
f. such **bodily injury** or **property damage** does not arise out of actual, alleged or threatened pollution; and
g. the liability for such **claim** does not arise directly or indirectly out of the use, ownership, and/or maintenance of owned, nonowned, hired, rented, or loaned automobiles, trucks, aircraft or watercraft by **you**.

However, this exclusion does not apply to mental illness or emotional distress or humiliation caused by **personal injury**.

5. **Insured versus Insured.** For the purpose of this sub-section, the term "insured" shall mean "you." This policy does not apply to any **claim** made by one or more insured against another insured unless an attorney/client relationship exists.

6. **Equity Interests.** If a person insured under this policy owns, along with his or her spouse, more than ten percent (10%) of the issued and outstanding shares, units or other portions of the capital of an **organization**, and that person simultaneously provides **professional legal services** with respect to such an **organization**, this policy will provide no coverage to that person for any **claims** that result therefrom.

If the collective equity interest of:
   a. all persons and entities insured under this policy;
   b. spouses of persons insured under this policy; and
   c. the **named insured**

is thirty-five percent (35%) or more of the issued and outstanding shares, units or other portions of the capital of an **organization**, and any person insured simultaneously provides **professional legal services** with respect to such an **organization**, this policy will provide no coverage to any person insured or to the **named insured** for any **claims** that result therefrom.

## Limits of Liability & Deductible

1. **Claim expenses. Claim expenses** reduce this policy's limits of liability and **claim expenses** apply to this policy's deductible.

2. **Limits of Liability - Each Claim.** The most **we** will pay for **damages** and **claim expenses** for each **claim** is specified as "each claim" in the limits of liability section of the Declarations and is subject always to the amount specified as "aggregate" in the limits of liability section of the Declarations.

3. **Limits of Liability – Aggregate.** The most **we** will pay for **damages** and **claim expenses** for all **claims** is specified as "aggregate" in the limits of liability section of the Declarations.

4. **Deductible.** The deductible amount stated in the Declarations shall apply to all **damages** and **claim expenses** for each and every **claim**, and must be paid by **you** as a condition precedent to payment of any loss by **us**. Each person insured is liable for payment of the deductible. **You** must pay such deductible amount within thirty (30) days of **our** written request therefor regardless of the number of **claims** made under this policy. The deductible shall automatically be reduced by fifty percent (50%) for arbitrated or mediated **claims**



LIU 3000 Ed. 04 02

under specific conditions, and subject to certain limitations, that are described fully in the **Special Benefits** section of this policy.

5. **Multiple Policies Issued by Us Covering the Same Claim.** If two or more policies of Lawyers Professional Liability Insurance issued by **us** covering **you** apply to the same **claim** or **claims** for which **you** are jointly and severally liable, **we** shall not be liable under this policy for a greater proportion of such **damages** than **our** liability under this policy bears to **our** total liability under all applicable valid and collectible insurance issued by **us**, provided that **we** shall not pay on **your** behalf any sum that exceeds the limit of liability of that policy issued by **us** that has the highest applicable limits of liability. In such circumstances, **you** will not be responsible under this policy for a greater proportion of the deductible than **your** responsibility under this policy bears to **your** total responsibility for all applicable deductibles, provided that **you** will not be responsible for any amount that exceeds the deductible of that policy issued by **us** that has the highest applicable deductible.

6. **Multiple Insureds, Claims and Claimants.** Neither the making of a **claim** against more than one of **you** nor the making of **claims** by more than one person or entity shall operate to increase **our** limits of liability. **Claims** alleging, based upon, arising out of or attributable to the same or related **wrongful acts** shall be treated as a single **claim** regardless of whether made against one or more than one of **you**. All such **claims**, whenever made, shall be considered first made during the **policy period** or any extended reporting period in which the earliest **claim** arising out of such **wrongful acts** was first made, and all such **claims** shall be subject to the same limits of liability.

### Defense of Claims

**We** have the right and duty to defend any **claim** against **you** including the appeal thereof seeking **damages** to which this insurance applies even if any of the allegations of the suit are groundless, false, or fraudulent. This policy contains a provision whereby **we** will reimburse **you** for certain costs **you** incur as a result of defending a **disciplinary proceeding** against **you**, however, **we** have no duty to defend **you** in a **disciplinary proceeding**. This provision is described fully in the **Special Benefits** section of this policy.

**We** have the right to make any investigation **we** deem necessary and, with **your** written consent, any settlement of any **claim** covered by the terms of this policy. If **you** refuse to consent to any settlement or compromise recommended by **us** and acceptable to the claimant and elect to contest the **claim**, then **our** liability under this policy shall be limited to the amount for which **we** would have been liable for **damages** and **claim expenses** if the **claim** had been so settled or compromised, when and as so recommended. **We** shall have no liability for **claim expenses** incurred thereafter and shall have the right to withdraw from the further investigation and/or defense thereof by tendering control of such investigation or defense to **you**, and **you** agree, as a condition of the issuance of this policy, to accept such tender.

### Claims

1. **Notice of Claims.** **You** must give **us** written notice of any **claim(s)** or potential **claim(s)** made against **you** as soon as practicable but not later than sixty (60) days after expiration of the **policy period** or an extended reporting period, if applicable. In the event suit is brought against **you**, **you** must immediately forward to **us** every demand, notice, summons, complaint or other process received directly or by **your** representatives. Written notice of any claim against **you**, as well as of each demand on or action against **us**, must be delivered to **us** addressed as follows:

> Liberty Insurance Underwriters, Inc.
> 55 Water Street, 18th floor
> New York, NY 10041
> Attention: Claims Division

All notices to **us** must be in writing. Notice given by or on behalf of **you**, or written notice by or on behalf of any claimant, to **our** agent shall be considered notice to **us**.



Whenever coverage under this policy would be excluded, suspended or lost because of noncompliance with this sub-section entitled **Notice of Claims**, **we** agree to waive this exclusion, suspension or loss of coverage with respect to each of **you** who did not personally fail to comply with, personally participate in failing to comply with, or remain passive after learning about noncompliance with the requirements of this sub-section.

2. **Discovery Clause.** Should **you** first become aware during the **policy period** or any extended reporting period, if applicable, of a **wrongful act** for which coverage is otherwise provided hereunder, and should **you** during the **policy period** or any extended reporting period, if applicable, give written notice to **us** of:

    a. the specific **wrongful act**;
    b. the injury or **damage** which has resulted or may result from such **wrongful act**; and
    c. the circumstances by which **you** first became aware of such **wrongful act**,

    then any **claim** that may subsequently be made against **you** arising out of such **wrongful act** shall be deemed for the purposes of this insurance to have been made during the **policy period** or any extended reporting period, if applicable.

2. **Assistance and Cooperation.** **You** must cooperate with **us** and upon **our** request **you** must submit to examination and interrogation by **our** representative, under oath if required, and must attend hearings, depositions and trials, and must assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses, and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to **our** representatives, including investigating and coverage counsel, and meeting with such representatives for the purpose of investigation, including the investigation of coverage issues and/or defense, all without charge to **us**. **You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment that **you** may have. **You** must not, except at **your** own cost, make any payment, admit any liability, settle any **claims**, assume any obligation or incur any expense without **our** prior written consent.

4. **False or Fraudulent Claims.** If **you** commit fraud in proffering any **claim** under this policy as regards amount or otherwise, the insurance provided under this policy shall become void as to **you** from the date such fraudulent **claim** is proffered.

**Extended Reporting Periods**

1. **Automatic Extended Reporting Period.** If the **named insured** or **we** cancel or refuse to renew this policy, then the insurance afforded by this policy shall be automatically extended, subject otherwise to its terms, limits of liability, exclusions and conditions, to apply to **claims** first made against **you** during the sixty (60) days immediately following the effective date of such nonrenewal or cancellation, but only by reason of a **wrongful act** occurring before such effective date and otherwise covered by this insurance. Such period shall hereinafter be referred to as the "Automatic Extended Reporting Period."

2. **Optional Extended Reporting Period.** If the **named insured** or **we** cancel or refuse to renew this policy, then the **named insured**, upon payment of an additional premium as set forth below, shall have the option to extend the insurance afforded by this policy for a specific time period, subject otherwise to its terms, limits of liability, exclusions and conditions, to apply to **claims** first made against **you** immediately following the effective date of such nonrenewal or cancellation. However, this extension of coverage shall only apply to **wrongful acts** occurring before such effective date and otherwise covered by this insurance.

    A specific extension period must be selected by the **named insured**. Extension period options are listed below with an additional premium set forth opposite each option. The additional premiums stated are a percentage of the full annual premium of this policy, less any return premium owed



LIU 3000 Ed. 04 02

because of cancellation, plus any premium owed **us** for this policy.

| Option | Additional Premium |
|---|---|
| 1 year | 100% |
| 2 years | 135% |
| 3 years | 150% |
| 5 years | 185% |
| Unlimited | 225% |

The extension of coverage described in this sub-section entitled **Optional Extended Reporting Period** shall be endorsed hereto, if purchased, and shall hereinafter be referred to as the "Optional Extended Reporting Period."

At the commencement of the Optional Extended Reporting Period, the entire premium therefor shall be deemed earned. The Optional Extended Reporting Period shall not be cancelable.

The Optional Extended Reporting Period begins at the end of the Automatic Extended Reporting Period.

3. **Electing the Optional Extended Reporting Period.** The **named insured's** right to elect the Optional Extended Reporting Period must be exercised by notice in writing not later than sixty (60) days after the effective date of the nonrenewal or cancellation of this policy. Such notice by the **named insured** must indicate the total extension period desired and must include payment of premium for such extension period.

If such notice is not timely given to **us**, the **named insured** shall not at a later date be able to exercise such right. In the event **you** become aware of any **claim** against **you** during the **policy period** but do not report such **claim** to **us** until the Optional Extended Reporting Period, if purchased, such **claim** shall be deemed to have been made and reported during the **policy period**.

4. **Optional Extended Reporting Period Limits of Liability.** If **we** offer to renew this policy and the **named insured** refuses to accept such renewal offer, then **our** limit of liability for **claims** reported during the Optional Extended Reporting Period shall be reinstated to the limit of liability set forth in the Declarations. Otherwise, the following provisions will apply:

   a. **Insured Three or More Years.** If, upon the effective date of such cancellation or nonrenewal, **we** have provided this insurance to the **named insured** on a claims made basis continually for three or more years, the aggregate limit of liability for the Optional Extended Reporting Period shall be equal to 100% of the aggregate limit of liability stated in the Declarations.

   b. **Insured Less Than Three Years.** If, upon the effective date of such cancellation or nonrenewal, **we** have provided this insurance to the **named insured** on a claims made basis continually for less than three years, the aggregate limit of liability for the Optional Extended Reporting Period shall be equal to the greater of the amount of coverage remaining in such policy's aggregate limit or 50% of the aggregate limit of liability stated in the Declarations.

   If other insurance exists which covers **claims** first made during the Automatic Extended Reporting Period or the Optional Extended Reporting Period, the coverage provided under this policy for any Automatic Extended Reporting Period or Optional Extended Reporting Period shall apply in excess of such insurance.

5. **Nonpracticing Extended Reporting Period.** The provisions of this sub-section entitled **Nonpracticing Extended Reporting Period** apply to each of **you** as individual lawyers, including lawyers acting as "of counsel," as independent contractors, or on a per diem basis, unless said lawyers never met the definition of **you** under



LIU 3000 Ed. 04 02

subsection 16 b., c., d. of the **Definitions** section of this policy.

If **you** retire or otherwise cease the private practice of law during the **policy period**, then **you** have the option to extend the insurance afforded by this policy subject otherwise to its terms, limits of liability, exclusions and conditions, to apply to **claims** first made against you immediately following the date of the expiration of this policy or the effective date of this policy's cancellation, if sooner, but only by reason of a **wrongful act** committed by **you** before **your** date of retirement or termination of private practice and otherwise covered by the insurance, provided there is no other insurance in effect on or after **your** date of retirement or termination of practice which covers **you** for such liability or **claim**. If there is other insurance in effect on or after **your** date of retirement or termination of practice which covers **you** for such liability or **claim**, this coverage shall be excess of the limits of liability of such other insurance.

The extension of coverage described in this sub-section entitled **Nonpracticing Extended Reporting Period** shall be endorsed hereto, if purchased, and shall hereinafter be referred to as the "Nonpracticing Extended Reporting Period."

A specific Nonpracticing Extended Reporting Period must be selected by **you**. Options are listed below with an additional premium set forth opposite each option. The additional premiums stated are a percentage of the full annual premium of this policy per insured lawyer.

| Option | Additional Premium |
| --- | --- |
| 1 year | 100% |
| 2 years | 135% |
| 3 years | 150% |
| 5 years | 185% |
| Unlimited | 225% |

**We** will waive the premium for the Nonpracticing Extended Reporting Period if **you**:

a. die;
b. become **totally and permanently disabled**; or
c. retire or otherwise cease the private practice of law during the **policy period** and have been insured by **us** under a Lawyers Professional Liability Policy continuously for the last three, full years.

The deductible amount and deductible provisions of this policy will be waived with respect to **claims** first made against **you** during the Nonpracticing Extended Reporting Period, if elected by **you.**

6. **Electing the Nonpracticing Extended Reporting Period.** The provisions of this sub-section entitled **Electing the Nonpracticing Extended Reporting Period** apply to each of **you** as individual lawyers, including lawyers acting as "of counsel," as independent contractors, or on a per diem basis, unless said lawyers never met the definition of **you** under subsection 16 b., c., d. of the **Definitions** section of this policy.

**Your** right to elect the Nonpracticing Reporting Period must be exercised by notice in writing not later than sixty (60) days after the date of the expiration of this policy or the effective date of this policy's cancellation, if sooner, or thirty (30) days from the date of mailing or delivery of such notice, whichever is later. Such notice must indicate the total extension period desired and must include payment of premium, if any, for such Nonpracticing Extended Reporting Period.

If such notice is not timely given to **us**, **you** will not at a later date be able to exercise such right.



LIU 3000 Ed. 04 02

7. **Nonpracticing Extended Reporting Period Limits of Liability**. The provisions of this sub-section entitled **Nonpracticing Extended Reporting Period Limits of Liability** apply to each of **you** as individual lawyers, including lawyers acting as "of counsel," as independent contractors, or on a per diem basis, unless said lawyers never met the definition of **you** under subsection 16 b., c., d. of the **Definitions** section of this policy.

The limits of liability stated in the Declarations shall be reinstated for **claims** first made against **you** during the Nonpracticing Extended Reporting Period, if elected by **you**, however, regardless of the number of Nonpracticing Extended Reporting Periods purchased, **our** liability shall not exceed the limits of liability set forth in the Declarations.

If the "each **claim**" and "aggregate" limits of liability stated in the Declarations are equal to or less than $250,000 and $750,000, respectively, then the "each **claim**" and "aggregate" limits of liability for **claims** first made and reported during each successive twelve-month period of the Nonpracticing Extended Reporting Period, if applicable, shall increase ten percent (10%) over the applicable "each **claim**" and "aggregate" limits of liability of the preceding twelve-month period, but in no case shall these limits of liability increase after the fourth twelve-month period, if applicable, nor shall the "aggregate" limit of liability be reinstated during each successive twelve-month period by virtue of this provision.

If other insurance exists which covers **claims** first made during the Nonpracticing Extended Reporting Period, the coverage provided under this policy for the Nonpracticing Extended Reporting Period shall apply in excess of such insurance.

**Conditions**

1. **Firm Changes**. The **named insured** must report to **us** changes during the **policy period** which affect fifty percent (50%) or more of the lawyers insured at the inception of this policy. This notice must be provided within sixty (60) days of the change. The **named insured** does not have to report such changes to **us** if less than six (6) lawyers were insured at the inception of this policy. In the event of a merger, dissolution or acquisition, the **named insured** must use best efforts to notify **us** at least 30 days prior to the projected date of such change, but in no case shall the **named insured** provide **us** with less than five (5) days notice. In each case, **we** will have the right to accept, alter or decline coverage and to charge an additional premium.

3. **Subrogation.** In the event of any payment under this policy, **we** shall be subrogated to all **your** rights of recovery therefor against any person or entity, provided, however, **we** shall not exercise any rights of subrogation against any of **you** who did not commit the wrongdoing. **You** must execute and deliver instruments and papers and do whatever else is necessary to secure such rights and **you** must do nothing to prejudice such rights.

Any amount recovered upon the exercise of such rights of subrogation shall be applied as follows: first, to the repayment of expenses incurred toward subrogation; second, to **damages** and/or **claim expenses** paid by **you** in excess of the limits of liability; third, to **damages** and/or **claim expenses** paid by **us**; fourth, to **damages** and/or **claim expenses** paid by **you** in excess of the deductible; and last, to repayment of the deductible.

3. **Action Against Us.** No action shall lie against **us** unless, as a condition precedent thereto, **you** shall have fully complied with all the terms of this policy, nor until the amount of **our** obligation to pay shall have been fully and finally determined either by judgment against **you** either after judgment against **you** or by written agreement of **you**, the claimant and **us**. In the event any person or entity or the legal representative thereof has secured a judgment against **you** and such judgment remains unsatisfied after the expiration of thirty (30) days from the service of notice of entry of the judgment upon **your** attorney, or upon **you**, and upon **us**, then an action may, except during a stay or limited stay of execution against **you** on such judgment, be maintained against **us**



LIU 3000 Ed. 04 02

under this policy for the amount of such judgment to the extent of the insurance afforded by this policy.

Nothing contained in this policy shall give any person or entity the right to join **us** as a co-defendant in any action against **you** to determine **your** liability. Bankruptcy or insolvency of **you** or of **your** estate shall not relieve **us** of any of **our** obligations hereunder.

4. **Application.** By acceptance of this policy, **you** agree that the statements in the application are personal representations, that they shall be deemed material and that this policy is issued in reliance upon such representations and that this policy embodies all agreements existing between **you** and **us**, or any of **our** agents, relating to this insurance.

5. **Other Insurance.** Subject to the limitation of coverage contained in Exclusion 1.c. in the **Exclusions** section of the policy for prior insurance, if a **claim** covered by this policy is also covered under the policy(ies) of another insurance company(ies), then **we** shall not be liable under this policy for a greater proportion of such **damages** than **our** liability under this policy bears to total liability under all applicable valid and collectible insurance issued by all companies; unless, such other insurance is purchased specifically to apply in excess of the limits of liability stated in the Declarations of this policy.

6. **Changes.** Notice to any agent or knowledge possessed by any agent or other person acting on behalf of **us** shall not effect a waiver or a change in any part of this policy or estop **us** from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by written endorsement issued to form a part of this policy.

7. **Assignment.** Assignment of interest under this policy shall not bind **us** unless **our** consent is endorsed in writing hereon.

8. **Cancellation and Nonrenewal.** The following cancellation and nonrenewal procedures apply to this policy:

    **Cancellation**

    a. This policy may be cancelled by the **named insured** by surrender thereof to **us** or by mailing to **us** written notice stating when thereafter such cancellation shall be effective.

    b. **We** may cancel this policy by mailing to the **named insured** written notice of cancellation at least:

        1. ten (10) days prior to the effective date of cancellation if **we** cancel for nonpayment of premium; or

        2. thirty (30) days prior to the effective date of cancellation if **we** cancel for any other reasons.

    c. All notices of cancellation by **us** shall be mailed to the **named insured** at the last mailing address known by **us**. A copy of all such notices shall be sent to the **your** broker, if known. **We** shall maintain proof of mailing of such notice on a recognized U.S. Post Office form or a form acceptable to the U.S. Post Office. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender of the effective date and hour of cancellation stated in the notice shall become the end of the **policy period**.

    d. The **named insured** is authorized to act on behalf of all of **you** with respect to the giving and receiving of notice of cancellation and to the receiving of any return premium that may become payable under this policy.

    e. If the **named insured** cancels, earned premium shall be computed in accordance with the short rate table and procedure in use for this policy. If **we** cancel, earned premium shall be



LIU 3000 Ed. 04 02

computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**Nonrenewal**
If **we** decide not to renew this policy, **we** shall mail written notice to the **named insured** not less than thirty (30) days prior to expiration of the policy. A copy of such notice shall be sent to **your** broker, if known.

9. **Liberalization Clause.** If **we** adopt any revision that would broaden the coverage under the policy without additional premium at any time during the **policy period**, the broadened coverage will immediately apply to this policy.

**In witness whereof, the company has caused this policy to be signed by its President and its Secretary and countersigned by a duly authorized representative of the company.**

*[signature]*

PRESIDENT
Christopher L. Peirce

*[signature]*

SECRETARY
Dexter R. Legg